IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROTHSCHILD BROADCAST
DISTRIBUTION SYSTEMS, LLC,

              Plaintiff,

    v.

MOBILE VIDEO SOLUTIONS, INC.,

              Defendant.

C.A. No. 21-631-MN

**JURY TRIAL DEMANDED**

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Mobile Video Solutions, Inc. ("Defendant" or "MVSI") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Rothschild Broadcast Distribution Systems, LLC's ("Plaintiff" or "RBDS") Complaint for Patent Infringement ("Complaint"). MVSI denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

### PARTIES

1.      MVSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and, on that basis, denies the allegations of Paragraph 1 of the Complaint.

2.      MVSI admits it is a Delaware corporation and may be served through its registered agent, Harvard Business Services, Inc., 16192 Coastal Hwy., Lewes, Delaware 19958. MVSI denies any remaining allegations in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.      MVSI admits the Complaint purports to set forth an action for patent infringement, but MVSI denies it has committed or is committing acts of infringement and

denies Plaintiff is entitled to any relief. MVSI denies any remaining allegations in Paragraph 3 of the Complaint.

4.      MVSI admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but MVSI denies it has committed or is committing acts of infringement and denies MVSI is entitled to any relief. MVSI denies any remaining allegations in Paragraph 4 of the Complaint.

5.      MVSI does not contest whether personal jurisdiction over it properly lies in this District in this action. MVSI denies the remaining allegations of Paragraph 5 of the Complaint.

6.      MVSI denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. MVSI denies any remaining allegations in Paragraph 6 of the Complaint.

7.      MVSI does not contest that venue may be proper in this District in this action. MVSI denies it has committed or is committing acts of infringement and, on that basis, denies any remaining allegations of Paragraph 7 of the Complaint.

**[ALLEGED] BACKGROUND**

8.      MVSI admits the '221 Patent speaks for itself but denies any characterizations inconsistent therewith and, on that basis, denies any remaining allegations in Paragraph 8 of the Complaint.

9.      MVSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and, on that basis, denies the allegations of Paragraph 9 of the Complaint.

10.      MVSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and, on that basis, denies the allegations of Paragraph 10 of the Complaint.

2

11.     MVSI admits the '221 Patent contains thirteen claims including two independent claims (claims 1 and 7) and eleven dependent claims.

<u>**COUNT ONE**</u>
<u>**([Alleged] Infringement of United States Patent No. 8,856,221)**</u>

12.     MVSI refers to and incorporates the allegations in Paragraphs 1 - 11, the same as if set forth herein.

13.     MVSI admits the Complaint purports to set forth an action for patent infringement, but MVSI denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. MVSI denies any remaining allegations in Paragraph 13 of the Complaint.

14.     MVSI denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. MVSI denies any remaining allegations in Paragraph 14 of the Complaint.

15.     MVSI admits the '221 Patent speaks for itself but denies any characterizations inconsistent therewith and, on that basis, denies any remaining allegations in Paragraph 15 of the Complaint.

16.     MVSI denies the allegations in Paragraph 16 of the Complaint.

17.     MVSI denies the allegations in Paragraph 17 of the Complaint.

18.     MVSI denies the allegations in Paragraph 18 of the Complaint.

19.     MVSI denies the allegations in Paragraph 19 of the Complaint.

20.     MVSI denies the allegations in Paragraph 20 of the Complaint.

21.     MVSI denies the allegations in Paragraph 21 of the Complaint.

22.     MVSI denies the allegations in Paragraph 22 of the Complaint.

23.     MVSI denies the allegations in Paragraph 23 of the Complaint.

3

24.     MVSI denies the allegations in Paragraph 24 of the Complaint.

25.     MVSI admits it sells the Ivideon product. MVSI denies it has committed or is committing acts of infringement. MVSI denies any remaining allegations in Paragraph 25 of the Complaint.

26.     MVSI denies the allegations in Paragraph 26 of the Complaint.

27.     MVSI denies the allegations in Paragraph 27 of the Complaint.

28.     MVSI denies the allegations in Paragraph 28 of the Complaint.

29.     MVSI denies the allegations in Paragraph 29 of the Complaint.

30.     MVSI denies the allegations in Paragraph 30 of the Complaint.

31.     MVSI denies the allegations in Paragraph 31 of the Complaint.

32.     MVSI denies the allegations in Paragraph 32 of the Complaint.

33.     MVSI denies the allegations in Paragraph 33 of the Complaint.

34.     MVSI denies the allegations in Paragraph 34 of the Complaint.

35.     MVSI denies the allegations in Paragraph 35 of the Complaint.

36.     MVSI denies the allegations in Paragraph 36 of the Complaint.

37.     MVSI denies the allegations in Paragraph 37 of the Complaint.

38.     MVSI admits Exhibit A purports to be a copy of the '221 Patent. MVSI admits the '221 Patent speaks for itself. MVSI denies any remaining allegations in Paragraph 38 of the Complaint.

39.     MVSI denies the allegations in Paragraph 39 of the Complaint.

40.     MVSI denies the allegations in Paragraph 40 of the Complaint.

41.     MVSI denies the allegations in Paragraph 41 of the Complaint.

42.     MVSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and, on that basis, denies the allegations of Paragraph 42 of the Complaint.

43.     MVSI denies the allegations in Paragraph 43 of the Complaint.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

44.     MVSI is not required to provide a response to Plaintiff's demand for a jury trial.

## [PLAINTIFF'S] PRAYER FOR RELIEF

MVSI denies Plaintiff is entitled to any relief from MVSI and denies all the allegations contained in Paragraphs (a)-(d) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

MVSI's Affirmative Defenses are listed below. MVSI reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this action.

## FIRST AFFIRMATIVE DEFENSE

MVSI has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '221 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '221 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to any of the '221 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or

otherwise give proper notice that MVSI's actions allegedly infringe the '221 Patent, MVSI is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '221 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff asserts that MVSI indirectly infringes, either by contributory infringement or inducement of infringement, MVSI is not liable to Plaintiff for the acts alleged to have been performed before MVSI knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's attempted enforcement of the '221 Patent against MVSI is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

The claims of the '221 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by MVSI.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '221 Patent does not claim patentable subject matter.

**EIGHTH AFFIRMATIVE DEFENSE**

Should MVSI be found to infringe any valid, enforceable claim of the '221 Patent, such infringement was not willful.

**MVSI'S COUNTERCLAIMS**

For its counterclaims against Plaintiff Rothschild Broadcast Distribution Systems, LLC ("RBDS"), Counterclaim Plaintiff Mobile Video Solutions, Inc. ("MVSI") alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff MVSI is a company organized and existing under the laws of the State of Delaware, with a place of business located at 14 Wakefield, Irvine, California 92620.

2.      Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant RBDS is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principal place of business at 1801 NE 123 Street, Suite 314, Miami, FL 33181.

## JURISDICTION

3.      MVSI incorporates by reference Paragraphs 1–2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      RBDS has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      Based solely on RBDS's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7.      MVSI incorporates by reference Paragraphs 1–6 above.

8.      Based on RBDS's filing of this action and at least MVSI's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether MVSI infringes U.S. Patent No. 8,856,221 (the "'221 Patent").

9.      MVSI does not infringe at least Claim 7 of the '221 Patent because, among other things, it does not make, use, offer to sell, sell, or import any method or system that "receiv[es] a request message including media data," "wherein the media data includes time data that indicates a length of time to store the requested media content."

10.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., MVSI requests a declaration by the Court that MVSI has not infringed and does not infringe any claim of the '221 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

**COUNT II**
**DECLARATION REGARDING INVALIDITY**

11.      MVSI incorporates by reference Paragraphs 1–10 above.

12.      Based on RBDS's filing of this action and at least MVSI's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '221 Patent.

13.      The asserted claims of the '221 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Pat. No. 9,898,500 and U.S. Patent Appl. No. 13/269,614.

14.      U.S. Pat. No. 9,898,500 teaches or suggests "techniques and systems for storage, delivery and acquisition of digital assets stored in cloud data storage." '500 Pat., Abstract.

15.      U.S. Patent Appl. No. 13/269,614 teaches or suggests "[d]elivering dynamic media content to a client on a client device" wherein clients "initiate requests" and "download" information from "data server units." '614 Appl., Abstract.

16.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., MVSI requests a declaration by the Court that claims of the '221 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without

limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, MVSI asks this Court to enter judgment in MVSI's favor and against RBDS by granting the following relief:

    a)      a declaration that the '221 Patent is invalid;

    b)      a declaration that MVSI does not infringe, under any theory, any valid claim of the '221 Patent that may be enforceable;

    c)      a declaration that the '221 Patent is unenforceable;

    d)      a declaration that RBDS take nothing by its Complaint;

    e)      judgment against RBDS and in favor of MVSI;

    f)      dismissal of the Complaint with prejudice;

    g)      a finding that this action is an exceptional case under 35 U.S.C. § 285 and an award to MVSI of its costs and attorneys' fees incurred in this action; and

    h)      further relief as the Court may deem just and proper.

## **JURY DEMAND**

MVSI hereby demands trial by jury on all issues.

Dated:  June 2, 2021                        FISH & RICHARDSON P.C.

                                            By:  */s/ Jeremy D. Anderson*
                                                 Jeremy D. Anderson (Bar No. 4515)
                                                 222 Delaware Avenue, 17th Floor
                                                 Wilmington, Delaware 19801
                                                 (302) 652-5070 (Telephone)
                                                 (302) 652-0607 (Facsimile)
                                                 janderson@fr.com

                                                 Neil J. McNabnay
                                                 Ricardo J. Bonilla
                                                 Michael A. Vincent
                                                 1717 Main Street, Suite 5000
                                                 Dallas, Texas 75201
                                                 (214) 747-5070 (Telephone)
                                                 (214) 747-2091 (Facsimile)
                                                 macnabnay@fr.com; rbonilla@fr.com;
                                                 vincent@fr.com

                                            **COUNSEL FOR DEFENDANT**
                                            **MOBILE VIDEO SOLUTIONS, INC.**

1